IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RONALD SATISH EMRIT** | § | |
| | § | |
| **V.** | § | **A-14-CV-927-LY** |
| | § | |
| **MUSIC GORILLA, INC.** | § | |

### ORDER ON *IN FORMA PAUPERIS* STATUS AND
### REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Ronald Satish Emrit's ("Emrit") Application to Proceed *In Forma Pauperis* (Dkt. No. 4). Emrit also filed: Motion for Default Judgment (Dkt. No. 5); Motion for Summary Judgment (Dkt. No. 6); Motion for Preliminary Judgment (Dkt. No. 7); Motion for Declaratory Judgment (Dkt. No. 8); and Motion to Request a Rule 16 Meeting (Dkt. No. 9). The District Court referred the above-motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Emrit's *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Emrit *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Emrit is further advised that although

he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Emrit's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Emrit has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint

states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### A.    Factual Allegations and Claims

Emrit brings this cause of action against Defendant Music Gorilla, Inc., alleging breach of contract, tortious interference with contract, fraud, conversion, intentional infliction of emotional distress and negligence. Complaint at 1. Emrit's claims apparently stem from a contract he entered into in the summer of 2006 with Gorilla Music, Inc. Emrit alleges that he paid $300 to Gorilla to represent him as his agent in the music business. Emrit asserts that, as part of the contract, Gorilla agreed to submit his music to opportunities and venues whereby Emrit's music would be exposed to the three major record labels, Universal Music Group, Warner Music Group, and Sony.

Emrit complains that he received no official communication that any agent from any major record label had actually listened to his music. Emrit asserts that the Gorilla website indicated that only 10 to 15 music industry representatives had listened to Emrit's music uploaded to the Gorilla website platform. Furthermore, he complains that he has "never officially been offered any record

3

deal, '360 deal,' distribution deal [or] publishing deal from any of the aforementioned major record labels." Complaint at 5.  Emrit asserts that Gorilla's failure to secure a record deal for him constitutes negligence, conversion of his $300, products liability because the website is defective, fraud, tortious interference with a contract, and breach of contract.  Emrit argues that the various statutes of limitations for these claims do not apply to him and should be tolled because it is not part of the law school curriculum to teach students that a person may bring actions pro se and in forma pauperis.[1]  Complaint at 5-6.

> **B.** **Limitations**

A statute of limitations is a procedural device operating as a defense to limit the remedy available from an existing cause of action. *Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App. – Austin 2004, no pet.).  A cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) (op. on reh'g).  The general rule governing when a claim accrues, to start limitations running, is the "legal injury rule," which provides that a claim accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

Emrit claims both breach of contract and tort claims stemming from his failure to secure a recording contract from a major record label.  In Texas the statute of limitation for a breach of contract claim is four years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 2002); *Visa Net*

---

[1] Emrit alleges that he attended and graduated from Saint Thomas University School of Law in Miami Gardens, Florida, and thus is familiar with law school curriculum.

*v. TIG Ins. Co.*, 211 S.W.3d 310, 315 (Tex .2006) (per curiam). The statute of limitations for a fraud claim is also four years. *See Emerald Oil & Gas*, 348 S.W.3d 194, 216 (recognizing that statute of limitations for fraud is four years). Emrit alleges that he entered into the contract with Gorilla Music in 2006, over eight years ago, and that he failed to secure a commercial recording contract, which he alleges is his harm. From the face of the complaint it is plain that Emrit was aware, within the applicable statute of limitations, that he had not received a recording contract. Accordingly, his fraud and breach of contract claims are barred by the applicable statutes of limitations.

Emrit also asserts various tort causes of action, each of which has a limitations period of two years. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(A) (West Supp.2014); *see Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App. – Dallas 2013, no pet .) (negligence); TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(A) (conversion and restitution claims); TEX.CIV.PRAC. & REM.CODE ANN., § 16.003(A) (products liability ); *Shunta v. Westergren*, No. 01–08–00715–CV, 2010 WL 2307083, at *4 (Tex. App. Houston [1st Dist.] June 10, 2010, no pet.) (mem. op.) (tortious interference with contract); TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp. 2010) (intentional infliction of emotional distress). Because Emrit was aware he had not secured a recording contract within the two-year limitations period, these claims are also barred by the applicable statutes of limitations.

### C. Equitable Tolling

Emrit argues that the statutes of limitations are inapplicable to his claims and he is eligible for equitable tolling because he was unaware that he could bring his claims pro se and in forma pauperis. The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu–Tzin v. Johnson*, 162 F.3d 295, 299 (5th

Cir.1998).  As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In order to qualify for equitable tolling, the defendant must present "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 810–11 (5th Cir. 1998).  The Fifth Circuit has expressly held that proceeding pro se, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations.  *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000) (ignorance of law and pro se status insufficient to toll statute of limitations).  "Ignorance of legal rights does not toll a statute of limitations."  *Larson v. American Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979). *See also., Teemac v. Henderson*, 298 F.3d 452, 457–58 (5th Cir. 2002);  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 477–78 (5th Cir. 1991).  Emrit's claim he was unaware that he could apply for in forma pauperis status and proceed pro se, especially in light of his representation to the Court that he attended law school,  are an insufficient basis for tolling the applicable statutes of limitations. Accordingly, Emrit's claims are properly dismissed as frivolous.  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (a district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint . . . that the claims asserted are barred by the applicable statute of limitations.").

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Emrit *in forma pauperis* status (Dkt. No. 1).  Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.  The undersigned **FURTHER**

**RECOMMENDS** that the District Court **DISMISS** Emrit's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DENY** all additional pending motions as **MOOT.**

The Court **FURTHER RECOMMENDS** that the District Court **ISSUE** warnings to Emrit about frivolous and vexatious filings.  A review of PACER shows that within the last three years Emrit has filed at least fifty federal lawsuits across the country alleging a litany of frivolous claims against various defendants.  In this Court, Emrit has filed two additional cases just this year.  *Emrit v. Nat'l Academy of Recording Arts and Sciences*, Civ. Case No. 14-cv-392-SS (W.D. Tex. 2014), (still pending); and *Emrit v. Public Access to Court Electronic Records (PACER)*, Civ. Case No. 14-cv-461-LY (W.D. Tex. 2014) (dismissed as frivolous).

A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  *Id*.  Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims.  FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  Thus, it is **RECOMMENDED** that the district judge warn Emrit that if he continues to file meritless, vague, and impossible claims, the Court may sanction him in the future.  Such sanctions may include a broad injunction, barring him from filing any future actions in the Western District of Texas without leave of court, as well as monetary sanctions, including denial or removal of his in forma pauperis status thereby requiring him to pay a filing fee before filing any new cases in the Western District of Texas.  Additionally, Emrit could be prohibited from filing any new lawsuits until any sanction levied against him is paid in full.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of October, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE